[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff Henrietta Bostick, from the assessment of damages made by the defendant Commissioner of Transportation of the State of Connecticut for the taking of her property located at 252 Connecticut Avenue in the City of Bridgeport. At the conclusion of the testimony on July 21, 1997, the court allowed the parties one week to file briefs. To this date no briefs have been filed so, the court assumes that none will be forthcoming and will proceed to decide the case. CT Page 8285
The defendant had appraised damages in the amount of $25,000 and the complaint claims aggrievement because of inadequacy. At the hearing, dated July 21, 1997, counsel for the defendant stated that a re-appraisal of the premises resulted in an increase in the value of the property to $30,000.
Plaintiff's counsel in response to the court's question, stated that he was not disputing the amount of $30,000 as fair market value of the property. His claim was that the defendant was responsible for a mortgage on the property in favor of a NationBanc Mortgage Corporation in the approximate amount of $72,000. This claim was based on some vague testimony of the plaintiff that a representative of the defendant had told her not to be concerned about the mortgage. The representative in question was not identified.
If there is any merit to the plaintiff's claim, it will have to be alleged in another action. The allegations of this complaint do not spell out such an issue. The only claim asserted in this complaint is the inadequacy of the defendant's appraisal of $25,000 later increased to $30,000.
Since there is no dispute as to the figure of $30,000, the court finds that the fair market value of the property on the date of taking April 18, 1996 to be $30,000.
The Court is at a loss however, to enter other findings or orders since the file indicates that on November 21, 1996, the mortgagee, NationsBanc Mortgage Corporation, moved for a release of the funds of $25,000 deposited by the defendant and under date of December 9, 1996, said motion was granted-by this court, (Rush, J.). This order was subsequently vacated on December 16, 1996, thus leaving the disposition of the deposited amount and the additional amount of $5,000 in limbo.
Upon request by the parties, the court will make itself available for any further action.
MILTON H. BELINKIE JUDGE TRIAL REFEREE